UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL ANN MCBRATNIE,

    Plaintiff,

    v.

INTERNAL REVENUE SERVICE, ET AL.

    Defendants.
_____/

Case No. 21-12264

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**<u>ORDER DENYING MOTION FOR RECONSIDERATION [ECF No. 58]</u>**

**I.    Introduction**

On September 28, 2022, Plaintiff filed a motion for reconsideration of the Court's Order Granting Defendants' Motion to Dismiss [ECF No. 56]. After the Court granted Defendants' Motion to Dismiss (ECF No. 56) on September 14, 2022, Plaintiff filed her motion for reconsideration and a "Notice of Intention to File an Appeal" Plaintiff also filed a notice of appeal to the Sixth Circuit on October 11, 2022 (ECF No. 59). The appeal is being held in abeyance until the motion for reconsideration is resolved. See Case No. 22-1915 (6th Cir. 2022), ECF No. 3-2.

On December 21, 2022, the Court ordered Defendants to respond to the motion for reconsideration. (ECF No. 63). Defendants filed their response on

January 6, 2023, and Plaintiff replied on January 13, 2023. The motion is fully briefed.

## II. Factual Background

The facts of this case are detailed in the Court's Order Granting Defendants' Motion to Dismiss. [ECF No. 56, PageID.3858]. The Court incorporates them by reference. The Court will only discuss the facts most pertinent to Plaintiff's motion for reconsideration.

On September 27, 2021, Plaintiff Carol Ann McBratnie filed a Complaint [ECF No. 1]. It made allegations related to the IRS's failure to process two SS-8 Forms submitted by Plaintiff. If processed and accepted by the IRS, these forms would have enabled her to be classified as an employee or independent contractor in order to secure certain tax benefits. She also claimed to have been mistreated in IRS administrative proceedings and Tax Court litigation. She says both issues destroyed her career as a nurse practitioner due to IRS efforts to collect taxes that she would not owe if the IRS had processed her SS-8 Forms and accepted her requested classifications.

Plaintiff asserted claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Federal Tort Claims Act (FTCA), 26 U.S.C. § 7433, and the Racketeer Influenced and Corrupt Organizations Act (RICO). She named as Defendants the IRS, then-IRS Commissioner Charles P. Rettig, several IRS

attorneys and non-attorney IRS employees, and U.S. Tax Court Judge Maurice B. Foley.

In the Plaintiff's first Form SS-8 dated November 26, 2017, she asked to be reclassified as an independent contractor for her work from July 2015-May 2017 at Advance Health / DBA as Drynachan LLC. [ECF No. 31-2]. In a second Form SS-8 Plaintiff dated April 18, 2018, she sought to be classified as an employee for work between June-October 2017 at Tusk Enterprises LLC. [ECF No. 31-3].

The SS-8 Forms were at issue in the Tax Court litigation where Plaintiff asserted a worker-classification claim under 26 U.S.C. § 7436. The Tax Court dismissed that claim as beyond its limited jurisdiction.

On September 14, 2022, the Court dismissed all Plaintiff's claims. It held that: (1) Plaintiff possessed no federally protected right to IRS process of her Form SS-8; (2) the Tax Court lacked jurisdiction over Plaintiff's Worker-Classification Claim, making her Due Process claim subject to dismissal; (3) Plaintiff cannot overcome Tax Judge Foley's judicial immunity shield to claims for money damages; (4) the IRS attorneys are afforded absolute immunity from Plaintiff's claims. Finally, the Court ruled that (5) the non-lawyer Government officials are entitled to quasi-judicial immunity from Plaintiff's suit.

The Court dismissed the *Bivens*, FTCA, § 7433, and RICO claims. A Bivens suit "cannot be brought for actions arising out of the collection of taxes." [ECF No. 56, PageID.3866] (*quoting Sachs v. U.S. ex. rel. IRS*, 59 F. App'x 116, 120 (6th Cir. 2003)). The FTCA did not apply due to its exception in 28 U.S.C. § 2680(c) for "[a]ny claim arising in respect of the assessment or collection of any tax." [Id. at PageID.3866-67]. Her damages claims under § 7433, an Internal Revenue Code section allowing civil damages suits for unauthorized IRS collection, "fail[ed] on the merits" because some matters she raised were not collection, the period of limitations had expired for others, and she did not identify a Code section that was violated. [Id. at PageID.3868-70].

The Court also dismissed the RICO claim for lack of subject matter jurisdiction, noting RICO cannot apply against the federal government. [Id. at PageID.3870].

The Court also rejected the claims for injunctive and declaratory relief as barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201. [Id. at PageID.3870-71]. Plaintiff's motion does not challenge the Court's dismissal of the claims for injunctive and declaratory relief.

Finally, the Plaintiff's failure to make proper service resulted in dismissal the corresponding claim as well. [Id. at PageID.3871-72].

### III. Analysis

"Under Rule 59, a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *General Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022) (quotation omitted).

Rule 59(e) allows for reconsideration. But a Rule 59(e) movant is not permitted "to submit evidence which could have been previously submitted in the exercise of reasonable diligence" or "to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Indus., Inc.*, 86 F. Supp.2d 721, 726 (E.D. Mich. 2000). These stringent standards mean that reconsideration "is an extraordinary remedy and should be granted sparingly." *Dietrich v. 2010-1-CRE-MI Retail, LLC*, Case No. 15-cv-13820, 2016 WL 3753560 at *1 (E.D. Mich. July 14, 2016) (Drain, J.) (quotation omitted).

Plaintiff's motion addresses a long laundry list of arguments she raised in her response to Defendant's Motion to Dismiss. In substance, she says the Court made a "clear legal error" because mandatory processing of SS-8 forms is required by 26 U.S.C. § 7803 (a)(3)(D) and *Indian Towing Co. v. United States*, 350 U.S. 61 (1955). [ECF No. 41, PageID.2368]. The Court did not address either source of authority in its Order. For that reason, this argument will be the only subject on the Court's ruling

5

now. The other arguments in Plaintiff's 27-page motion for reconsideration and her reply were already disposed of in the Courts Order, so it will not consider them for this ruling.

Plaintiff is incorrect because *Indian Towing Co.* has nothing to do with taxes, forms being processed, or 26 U.S.C § 7806 (a)(3)(D). That case merely establishes that U.S. government agency can be liable under the FTCA for negligence and harm that results when the agency fails to act on a duty it undertakes. *Indian Towing Co. v. United States*, 350 U.S. 61, 76 S. Ct. 122, 100 L. Ed. 48 (1955). It does not establish that the IRS has a duty to process SS-8 Forms.

Further, § 7806 (a)(3)(D) does not require mandatory processing of SS-8 Forms. It states:

> (3) In discharging his duties, the Commissioner shall ensure that employees of the Internal Revenue Service are familiar with and act in accord with taxpayer rights as afforded by other provisions of this title, including . . . (D) the right to challenge the position of the Internal Revenue Service and be heard…

This language does not purport to govern the process for the determination of worker status. It is true that, under this statute, taxpayers have a generalized "right to challenge the position of the IRS and be heard." But the Court is aware of no authority that interprets this language to create a right to process of SS-8 Forms. As the Court pointed out in its Order, that process is governed by 26 U.S.C. § 7436, "Proceedings for determination of employment status."

6

Section 7436(a) expressly provides "the Tax Court *may* determine" whether an employment tax amount is correct. *Id.* (emphasis added). The amount of tax withholdings any individual encounters is determined in part by their employment status, among other things. But Section 7436(a) confers jurisdiction on the tax Court only with regard to determinations that are made by the IRS in connection with an audit of a taxpayer. *B G Painting, Inc. v. Comm'r of Internal Revenue*, 111 T.C.M. (CCH) 1282 (T.C. 2016). It does not make mandatory an IRS determination of employment status. Even if such a determination was mandatory, "Forms SS–8 . . . are not subject to review by Tax Court." *Id.* In the end, the IRS has authority to determine or not determine employment status. That decision is not subject to judicial review.

Plaintiff further asserts that the Court misapplied *BG Painting Inc.*, and *Staffmore LLC*. She believes that these cases apply only to employers.

Staffmore LLC explicitly held that the Tax Court lacked jurisdiction to review the IRS's determination that a worker was taxpayer's employee, rather than independent contractor, where the determination did not arise in connection with audit and examination, but in response to taxpayer's submission of request on Form SS–8. *Staffmore, LLC v. Comm'r,* 106 T.C.M. (CCH) 122 (T.C. 2013). It is true that the taxpayer in that case was an employer, but this does not render the court's holding inapplicable. This is

7

shown in the court's reasoning: the "Tax Court may exercise jurisdiction only to the extent authorized by statute" and it "has jurisdiction to review determinations of employment status only if they arise in connection with an IRS audit and an examination under § 7436(a)." *Id*. In sum, the Tax Court is not authorized by statute to review determinations of employment status that do not arise in connection with an audit. The same is true for *BG Painting Inc*.

No audit was done here, and as stated before, the statute Plaintiff points to—26 U.S.C § 7806 (a)(3)(D)—does not authorize the judicial review she seeks.

Plaintiff also points to the Administrative Procedure Act (APA), 5 USC § 706 to argue that jurisdiction is authorized. This is not true; the statute is provided below.

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;

8

>   (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
>   (D) without observance of procedure required by law;
>
>   (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>
>   (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

Plaintiff has not cited a single case or statute authorizing jurisdiction of an employment status determination made that was not in connection with an audit, examination, or other final determination. Likewise, none of the authority cited establishes that she is entitled to such a determination by law. For these reasons, it cannot be said that the IRS's failure to process her forms amounts to agency action that was an abuse of discretion, violates her rights, was "unlawfully withheld," or withheld "without observance of procedure required by law."

Plaintiff simply has no persuasive legal basis to argue that the Tax Court had jurisdiction over the issues pertaining to her SS-8 forms or that she was entitled to have them processed.

Plaintiff also claims that Defendants committed "fraud" on the Court by misconstruing her arguments, misinterpreting case law, presenting conflicting arguments, and giving false reasons for their failure to process her

9

SS-8 Forms. All of these arguments were raised in Plaintiff's response and reply to Defendants' motion to dismiss. So the Court will not address them again.

Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated:  February 1, 2023                    /s/Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 1, 2023, by electronic and/or ordinary mail.
/s/ Deborah Tofil for Teresa McGovern
Deputy Clerk